No. 10,257.

MIDDELKAMP v. SMITH, ET AL.

Decided March 5, 1923. Rehearing denied April 2, 1923.

Action for accounting. Judgment for defendants.

*Affirmed.*

1. APPEAL AND ERROR—*Findings.* The evidence of a contract as claimed by plaintiff being conflicting, and there being a general finding against him, it will be assumed on review that no such contract as he claims, was made.

2. CONTRACT—*Written Terms Binding.* A written contract is conclusive against all evidence of previous agreements or understandings contrary to its terms.

3.      *Effect.* Where a written instrument defines the respective rights and duties of parties working thereunder, is made for that purpose and acted upon, it becomes a contract between them.

*Error to the District Court of the City and County of Denver, Hon. Greeley W. Whitford, Judge.*

Messrs. ADAMS & GAST, Mr. LEO P. KELLY, for plaintiff in error.

Mr. T. J. O'DONNELL, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

MIDDELKAMP brought suit against Smith for an accounting, alleging a partnership or joint adventure between

them in an employers' liability insurance agency. He was defeated and brings error. The court below found the issues generally for defendants.

The original contract of partnership is alleged by plaintiff to have been made orally in May, 1915. The terms of the contract are disputed in the evidence, and, under the finding, we must assume that no such contract as he claims was made.

The plaintiff seeks to avoid this situation by the claim that the documentary evidence, mostly correspondence between Smith and Middelkamp, shows conclusively that there was a partnership. We do not think this evidence conclusive against the finding to show that Middelkamp had such a continuing interest in the business in question as is necessary to maintain his suit, but even if it were, his claims are defeated by subsequent action. It appears in evidence that a liability insurance company was formed called the Employers' Mutual Liability Insurance Company, and that a contract for the benefit of Smith and Middelkamp was made between that company and the Agency company, defendant in error, a corporation under Smith's control. A long and vigorous dispute arose between Smith and Middelkamp on various points as to what their previous understanding had been and what should be included in a written contract which they were trying to make to embody the substance of their previous conversations. Middelkamp insisted that he was and should be the owner of one-half the contract with the insurance company, which was the chief asset of the business, and Smith denied this claim. This was the principal matter in dispute. The parties came to an understanding and put it in writing. This instrument gives Middelkamp no interest in the contract in question. It is, of course, conclusive against all evidence of previous agreements or understandings in the matter and substantially supports Smith's contentions. The parties carried on the business under this agreement for several years and until Smith, for some offense of Middelkamp, broke off their relations.

If we are right so far, the judgment must be affirmed.

On behalf of Middelkamp, however, the claim is made that this writing is not a contract between Smith and Middelkamp but a declaration of trust on the part of the agency company. It is in the form of a letter from that company to Smith and Middelkamp, stating that a contract had been entered into between the Employers' Mutual Insurance Company and the Agency Company, "copy of which is hereto attached for the purpose of defining the work to be carried on under its provisions and for the further purpose of specifying for each of you the responsibility of carrying on such work and the net profits arising thereunder in accordance with the following understanding." It then goes on to state that Smith "is to be the responsible and directing head of the work," giving such time as he sees fit; that Middelkamp is to be the manager of the Coronado Building office, wherein the work is to be done, and is "to carry on and direct the work in a competent and satisfactory manner" and to give to the work an average of three days per week, or more, if necessary; that the net profits arising from said contract are to be equally divided between Smith and Middelkamp, all expenses to be "jointly approved by you" and paid by the Agency company, and then the net profits divided. This instrument is signed by the Agency company but neither by Smith nor Middelkamp. The plaintiff however testified that he accepted it because "it was the best I could get after negotiations," and it is a fair deduction from his testimony that they went to work thereunder as above stated. Its provisions are not the ordinary substance of a declaration of trust, but it is immaterial whether, on the part of the agency company, it was a declaration of trust or not. It defined the respective rights and duties of Smith and Middlekamp, was made for that purpose and was acted on. It thus became a contract between them.

These considerations make it unnecessary to discuss other points.

Judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR not participating.